UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO A. LLOMPART,<br><br>    Plaintiff,<br><br>v.<br><br>JENNIFER SHAFFER,<br><br>    Defendant. | Case No. 16-cv-05497-JSC<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 2 |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his continued confinement.[1] He has applied for leave to proceed in forma pauperis. In light of Petitioner's lack of funds, his application to proceed in forma pauperis is GRANTED. For the reasons discussed below, the petition is DISMISSED.

## BACKGROUND

In 1990, Petitioner was convicted in Sonoma County Superior Court of second degree murder. He was sentenced to a term of 15 years to life in state prison plus one year. The Board of Parole Hearings has found him unsuitable for parole on multiple occasions, most recently on February 4, 2016. He challenged that decision in petitions for a writ of habeas corpus in the Sonoma County Superior Court and the California Court of Appeal, and in a petition for review in the California Supreme Court. Those petitions were denied. Thereafter, Petitioner filed the

---

[1] Petitioner has consented to the jurisdiction of a Magistrate Judge over his case under 28 U.S.C. § 636(c). (ECF No. 5.)

instant federal petition.

## DISCUSSION

I       Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.      Discussion

Petitioner claims that the length of his confinement --- at this point for 26 years --- is "constitutionally disproportionate" to his culpability, and as such is cruel and unusual punishment. The Eighth Amendment's prohibition on cruel and unusual punishment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate to the crime." *Ewing v. California*, 538 U.S. 11, 23 (2003). A life sentence is not grossly disproportionate to the crime of second-degree murder. *Cf. Ewing v. California*, 538 U.S. 11 (2003) (sentence of 25 years to life for grand theft did not violate Eighth Amendment's prohibition against cruel and unusual punishment); *Harmelin v. Michigan*, 501 U.S. 957 (1991) (life sentence for cocaine possession does not violate Eighth Amendment because not "grossly disproportionate" to crime); *Hutto v. Davis*, 454 U.S. 370 (1982) (rejecting an Eighth Amendment challenge to a prison term of 40 years and a fine of $20,000 for possession and distribution of approximately nine ounces of marijuana). The petition does not state a valid claim that the length of his confinement violates the Eighth Amendment.

## CONCLUSION

In light of the foregoing, the petition for a writ of habeas corpus is DISMISSED.

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable jurist

1  would find the denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484

2  (2000).  Consequently, no certificate of appealability is warranted in this case.

3      The clerk shall enter judgment and close the file.

4  **IT IS SO ORDERED.**

5  Dated: November 15, 2016

                                       JACQUELINE SCOTT CORLEY
                                       United States Magistrate Judge

United States District Court
Northern District of California

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO A. LLOMPART,<br>        Plaintiff,<br>    v.<br>JENNIFER SHAFFER,<br>        Defendant. | Case No. 16-cv-05497-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 15, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roberto A. Llompart ID: E-87937
Correctional Training Facility CA State Prison-Calipatria
P.O. Box 689
X-232-L
Soledad, CA 93960

Dated: November 15, 2016

                                            Susan Y. Soong
                                            Clerk, United States District Court

                                            By:_____
                                            Ada Means, Deputy Clerk to the
                                            Honorable JACQUELINE SCOTT CORLEY